IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD P. BEARD, JR | : | |
| Plaintiff | : | |
| V. | : | CIVIL ACTION |
| ARIK HELMAN, individually and d/b/a SON OF SANDLAR, SON OF SANDLAR, LLC, SON OF SANDLAR, INC., SANDLAR MANUFACTURING, LLC, AND TWISTED WORLD, LLC | : | Case No.: 4:21-cv-0680-MWB |
| Defendants | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I. INTRODUCTION**

Defendants, by and through counsel, hereby submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint. Defendants' grounds for dismissal, as set forth more fully below, include the following: (a) Plaintiff's alleged claims were fully and finally settled and released pursuant to a settlement agreement entered into by the parties on July 20-21, 2020; (b) Plaintiff's claims for statutory damages and attorney's fees under the Copyright Act is barred by his own allegations of infringement having occurred years prior to the effective date of his copyright registration; (c) Plaintiff's contract claims are long barred by Pennsylvania's four-year statute of limitation and his copyright claims are barred to the extent they are more than three years old pursuant to the three-year statute of limitation set forth in the Copyright Act; (d) Plaintiff lacks standing under the law to claim copyright infringement because Defendants were

granted an exclusive license with respect to the copyright rights at issue; and (e) if this Honorable Court dismisses Plaintiff's Copyright Act claims, then it should dismiss Plaintiff's breach of contract state law claim as it may in its discretion decline to exercise supplemental jurisdiction.

## II. STATEMENT OF FACTS

### A. Background

Plaintiff is literally trying to make a federal case out of what was previously -- a small claims court case.[1]

As set forth in Plaintiff's Complaint (the "Complaint"), approximately 14 years ago, in 2008, at the Florida Renaissance Faire, Defendant Arik Helman and Plaintiff Edward P. Beard (who were friends at the time) casually discussed creating a circular dragon design for use on products to be manufactured and sold by Mr. Helman through his leather footwear business (referred to hereinafter as the "Work"). See Complaint at Para. 28. A few days later, still at the Florida Renaissance Faire, Mr. Beard provided the Work that they had just discussed creating to Mr. Helman for use on Mr. Helman's products.[2] See Complaint at Para. 32.

For purposes of this Motion to Dismiss only, Plaintiff's characterization of the license granted to the Work must be assumed to be true. See Complaint at Para. 30. However, Defendant fails to indicate whether the license granted in the Work was exclusive or non-exclusive. As demonstrated by Plaintiff's email to Mr. Helman dated July 20, 2020, the license

---

[1] As described in more detail in section II.B. below, prior to filing this lawsuit, Plaintiff commenced suit based on the same facts and transactions alleged in this lawsuit in small claims court seeking damages of $12,000 based solely on the alleged breach of contract alleged again here.

[2] Contrary to Plaintiff's characterization in the Complaint, there was virtually no discussion whatsoever between Mr. Beard and Mr. Helman regarding conditions placed on Mr. Helman's use of the Work. The idea that there was a formal discussion between these friends with numerous terms and conditions (all favorable to Plaintiff) in the midst of the revelry of the Florida Renaissance Faire is hardly believable.

was exclusive: "I offered to grant you exclusivity on the use of the design and my art on your boot button." See Exhibit A at page 7/13 attached hereto (email from Beard to Helman dated July 20, 2020 at 1:55 PM). [3]

Plaintiff alleges throughout the Complaint that Defendants have been infringing the Work for many years. See e.g. Complaint at Para 42 (*alleging infringement of the Work by Defendants, for example, having occurred in 2015 and 2019*). However, the effective date of Plaintiff's copyright registration is July 22, 2020 which is well after the alleged infringement. See Complaint at Exhibit A.

On July 20, 2020 Plaintiff sent an email to Mr. Helman offering to settle the dispute at issue in this case on the following terms:

1) Mr. Helman was required to update all postings involving the Work with the phrase: "officially licensed artwork by "Ed Beard Jr" used with permission";

2) Mr. Helman was required to provide a link to Mr. Beard's website on postings involving the Work such as: "check out more of fantasy artist Ed Beard Jr works visit www.EdBeardJr.com"; and

3) Mr. Helman was required to provide Mr. Beard with "a pair of boots that actually fit adorned with these Dragon buttons of my illustration."

See Exhibit A at page 10/13 – 11/13 attached hereto (email from Beard to Helman dated July 20, 2020 at 5:39 PM).

---

[3] Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496 (5th Cir. 2000) (internal quotation marks omitted). Here, Plaintiff references the terms of the license agreement in the Complaint which terms are clearly central to Plaintiff's claims.

On July 21, 2020 Defendants accepted Plaintiff's settlement offer agreeing to all terms of the offer. See Exhibit A at page 12/13 attached hereto (email from Helman to Beard dated July 21, 2020 at 2:26 PM); See also Exhibit A at page 13/13 attached hereto (email from Helman to Beard dated July 21, 2020 at 9:47 PM).

Further, Defendant Helman immediately performed on the settlement agreement by updating web postings involving the Work to include the required accreditation to Mr. Beard. See e.g. Exhibit B attached hereto (examples of Defendants' Instagram postings showing that the postings were updated immediately after entering into the settlement agreement on July 22, 2020 to include the required accreditation language pursuant to the settlement agreement).

**B. Prior litigation**

On or about October 12, 2020, Plaintiff first brought an action against Defendant Arik Helman d/b/a Son of Sandlar solely claiming breach of contract in Lycoming County's Magisterial District Court Number 29-3-03 seeking damages in the amount of $12,000.00. See Exhibit C, Small Claims Court Complaint.

Defendant Arik Helman d/b/a Son of Sandlar (who lives and works in Florida, entered into the alleged agreement at issue with Plaintiff in Florida and has virtually no contacts with Pennsylvania) objected to personal jurisdiction in that case, but was informed by the Court that such objection was not available in a small claims court case. Ultimately a default judgment was entered, Defendant appealed to the Court of Commons Pleas resulting in the case being a nullity, and Plaintiff failed to further prosecute the case.

Instead, we find ourselves here in federal court litigating a case that at best involves a breach of contract (not federal copyright claims- the reason it was initially filed in Pennsylvania small claims court), that has already been settled by the parties and that is barred by the statute of limitations.

**II. Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). Pursuant to Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has failed to set forth a claim from which relief may be granted. Fed. R. Civ. P. 12(b)(6); See also Lucas v. City of Philadelphia, No. 11-4376, 2012 WL 1555430, at *2 (E.D. Pa. May 2, 2012) (*citing* Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)). In evaluating a motion to dismiss, the court must view any reasonable inferences from the factual allegations in a light most favorable to the plaintiff. Buck v. Hamilton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2002).

The Supreme Court set forth in Twombly, and further defined in Iqbal, a two-part test to determine whether to grant or deny a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The United States Court of Appeals for the Third Circuit ("Third Circuit") has noted that these cases signify the progression from liberal pleading requirements to more "exacting scrutiny" of the complaint. Wilson v. City of Philadelphia, 415 Fed. Appx. 434, 436 (3d Cir. 2011).

Initially, the court must ascertain whether the complaint is supported by well-pleaded factual allegations. Iqbal, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Twombly, 550 U.S. at 555. Conclusions of law can serve as the foundation of a complaint, but to survive dismissal they must be supported by factual allegations. Iqbal, 556 U.S. at 679. These factual allegations must be explicated sufficiently to provide a defendant the type of notice that is contemplated by Rule 8. See Fed. R. Civ. P. 8(a)(2) (*requiring a short and plain statement of the claim showing that the pleader is entitled to relief*); See also Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d

Cir. 2008). Where there are well-pleaded facts, courts must assume their truthfulness. Iqbal, 556 U.S. at 679.

Upon a finding of a well-pleaded complaint, the court must then determine whether these allegations "plausibly" give rise to an entitlement to relief. Id. at 679. This is a "context specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Plausibility compels the pleadings to contain enough factual content to allow a court to make "a reasonable inference that the defendant is liable for the misconduct alleged." Id. (*citing* Twombly, 550 U.S. 544 at 570). This is not a probability requirement; rather plausibility necessitates "more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678. "Where a complaint pleads facts that are `merely consistent with' a defendant's liability, it `stops short of the line between possibility and plausibility.'" Id. (*quoting* Twombly, 550 U.S. at 557). In other words, a complaint must not only allege entitlement to relief, but must demonstrate such entitlement with sufficient facts to nudge the claim "across the line from conceivable to plausible." Id. at 683; See also Holmes v. Gates, 403 Fed. App'x 670, 673 (3d Cir. 2010).

While well-pleaded facts must be assumed to be true when evaluating a motion to dismiss, "neither bald assertions nor vague and conclusory allegations are accepted as true." Feinstein v. Saint Luke's Hospital, No. 10-4050 (E.D. Pa. October 19, 2011) (*citing* Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995).

### III. Argument

Plaintiff's claims are deficient as a matter of law, and readily amenable to dismissal under Fed. R. Civ. P. 12(b)(6), on numerous grounds, as set forth below.

### A. Plaintiff's claims should be dismissed because the parties entered into a binding settlement agreement with respect to the claims at issue.

"Generally, a '[s]ettlement moots an action' because there is no longer a case or controversy with respect to the settled issues." See Serta Simmons Bedding, LLC v. Casper Sleep Inc.,[ 950 F.3d 849, 850 (Fed. Cir. 2020).

Many courts have similarly held that "a settlement involving all parties and all claims moots an action . . . even if they contain executory terms." Tosco Corp. v. Hodel, 804 F.2d 590, 592 (10th Cir. 1986) (*internal citations omitted*); accord Future Plastics, Inc. v. Ware Shoals Plastics, Inc., 407 F.2d 1042, 1046 (4th Cir. 1969); Douglas v. Donovan, 704 F.2d 1276, 1278–79 (D.C. Cir. 1983) (*settlement mooted the case even though the settlement agreement required the defendant to make future payments*); Scott v. Livingston, 628 F. App'x 900, 902–03 (5th Cir. 2015) (*unpublished)* (*settlement agreement mooted the case even though the agreement called for future performance in the form of payment and dismissal*); Jarrow Formulas, Inc. v. Nature's Way Prods., Inc., 942 F.2d 791, 1991 WL 166438, at *1–2 (9th Cir. 1991) (*unpublished*) (*settlement agreement mooted the case even though it required future performance—dismissing the pending claims*). See also Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 666, 670 (2016), as revised (Feb. 9, 2016) (*assuming that a binding settlement agreement would moot the action*).

Similarly, in this case, Plaintiff's claims are barred as a matter of law because the parties entered into a binding settlement agreement with respect to this dispute between July 20-21, 2020.

Specifically, the parties engaged in email correspondence commencing on July 20, 2020 starting with Mr. Beard's email dated July 20, 2020 at 12:14 a.m. threatening to file a copyright

7

and breach of contract case against Defendants based on their use of the Work (i.e<u>. the exact claims that are now the subject of this lawsuit</u>):

"Personally im pissed and I would rather just simply file a lawsuit against you for copyright infringement and breach of agreement and be done with it, but my attorney says that taking the highroad would be the first line of action at this time and to give you an opportunity to respond."

<u>See</u> Exhibit A at page 3/13 attached hereto (email from Beard to Helman dated July 20, 2020 at 12:14 AM).

Over the next several hours the parties continued to correspond and negotiate a resolution. On July 20, 2020 at 5:39 p.m. Plaintiff wrote:

> **So without reading into your response or interpreting it incorrectly, here is where I would like to go from here, i'll just tell you what I'd like to see to move forward. It"s up to you.**
> **All i ever requested was 2 things and would be acceptable in remedy for me to proceed and make this a positive thing for all of us**
>
> **1. Update all of your current postings with the phrase "officially licensed artwork by Ed Beard Jr" used with permission.**
> **2. A link to my website where ever you have posted as simple as:**
>
> **"check out more of fantasy artist Ed Beard Jr works visit www.EdBeardJr.com"**
>
> **I will also share and promote the artwork the buttons and your booth sales on all my social media i would've been happy to do this as I promised**
>
> **3. To set me up for a pair of boots that actually fit me adorned with these Dragon buttons of my illustration. You can have my original ones back if you'd like they never broke in correctly either way.**
> **Thats it Arik**
>
> <u>**See**</u> **Exhibit A at page 10/13 – 11/13 attached hereto (email from Beard to Helman dated July 20, 2020 at 5:39 PM).**

On July 21, 2020 through responsive emails at 2:26 PM and 9:47 PM Defendants accepted Plaintiff's offer to settle:

> **To address the immediate issue I will certainly update all the web postings to include:**
>
> **Original artwork officially licensed by Ed Beard Jr" Copyright 2008 and used with permission.**
>
> **World-renowned fantasy artist Ed Beard Jr works can also be visited at [www.EdBeardJr.com](www.EdBeardJr.com)**
>
> <u>See</u> **Exhibit A at page 12/13 attached hereto (email from Helman to Beard dated July 21, 2020 at 2:26 PM).**

> **To complete the order I need the boot sizing, color, hardware color and sole preferences.**
>
> <u>See</u> **Exhibit A at page 13/13 attached hereto (email from Helman to Beard dated July 21, 2020 at 9:47 PM).[4]**

Immediately thereafter Defendants updated the web postings involving the Work as required by the terms of the Settlement Agreement. <u>See</u> e.g. Exhibit B attached hereto showing web postings involving the Work updated with the accreditation language pursuant to the settlement agreement.

As set forth above, the parties agreed to all of the terms of a resolution and Defendants even partially performed on their obligations. Defendants' position has always been that the matter is settled.

Accordingly, a binding settlement agreement of the dispute at issue in this case exists which bars Plaintiff's action as a matter of law.

---

[4] Note that Defendant Helman in this email also requested that Mr. Beard confirm the exact accreditation language desired pursuant to the other terms of the settlement agreement (i.e. "I need you to confirm the accreditation language that you prefer on publications.")

**B.    Plaintiff's claims for statutory damages and attorney's fees is barred by its own allegations of infringement having occurred years prior to the effective date of its copyright registration.**

Under U.S. Copyright Law statutory damages and attorney's fees are only available if the copyright in the Work has been registered prior to the alleged infringement:

**17 U.S. Code § 412** - Registration as prerequisite to certain remedies for infringement

In any action under this title…no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—

(1)

any infringement of copyright in an unpublished work commenced before the effective date of its registration; or

(2)

any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work

See 17 U.S. Code § 412.

In this case Plaintiff alleges throughout the Complaint that Defendants have been infringing the Work for many years. At paragraph 42 of the Complaint, for example, Plaintiff alleges that Defendants infringed the Work as early as 2015 by "[r]eproducing the Work on products other than boots, for instance, on leather bags, leather appliques, and other products." Plaintiff provides specific examples (photographs) of alleged infringement dating back to 2015 involving a leather applique on a boot depicting the Work and in 2017 on leather bags.

However, Plaintiff's copyright registration covering the Work has an effective date of July 22, 2020.  See Plaintiff's Complaint at Exhibit A.

Accordingly, because Plaintiff alleges that infringement occurred years prior to the effective date of the copyright registration at issue, Plaintiff is not entitled to statutory damages

or attorney's fees under the Copyright Act and its claims for statutory damages and attorney's fees should be dismissed.[5]

**C. Plaintiff's contract claims are barred by Pennsylvania's four-year statute of limitation; Plaintiff's copyright claims are barred to the extent they are more than three years old by the Copyright Act's three-year statute of limitation.**

<u>Contract Claims</u>

The statute of limitation for contract claims in Pennsylvania is 4 years. <u>See</u> 42 Pa.C.S.A. §5525.

Plaintiff alleges in the Complaint, for example, that Defendant breached the license agreement by failing to attribute Mr. Beard as the author/owner of the copyright in the Work. <u>See</u> Plaintiff's Compliant at Para. 80. Meanwhile, Plaintiff provides an example at Paragraph 42 of the Complaint of this alleged breach having occurred as early as 2015. Accordingly, the alleged breaches of contract complained of occurred more than 4 years prior to this suit being instituted and therefore are barred by the applicable statute of limitations in Pennsylvania.

<u>Copyright Claims</u>

No civil action shall be maintained under the provisions of the United States Copyright Act unless it is commenced within three years after the claim accrued. <u>See</u> 17 U.S.C. § 507(b). Further, no recovery is available beyond the statute of limitations period. <u>See</u> <u>Hotaling v. Church</u>

---

[5] As an aside, Plaintiff's counsel has postured that Plaintiff is entitled to collect statutory damages for each allegedly infringing button sold. This is absolutely an incorrect view. A defendant or joint tortfeasor who infringes one copyrighted work is liable for statutory damages (if available) within the minimum-maximum range "no matter how many acts of infringements are involved in the action and regardless of whether the acts are separate, isolated, or occurred in a relative series." <u>See</u> <u>Desire, LLC v. Manna Textiles, Inc.</u>, No. 17-56641 (9th Cir. 2021) (*"The Act clearly provides for an award of statutory damages for all infringements of a single work "for which any two or more infringers are liable jointly and severally."*) <u>See</u> also <u>Arista Records LLC v. Lime Grp. LLC</u>, 784 F. Supp. 2d 313, 316 (S.D.N.Y. 2011); see also, e.g., <u>Clever Factory, Inc. v. Kingsbridge Int'l, Inc.</u>, No. 3:11-1187, 2014 WL 2711986, at *2 (M.D. Tenn. June 16, 2014); <u>Agence Fr. Presse v. Morel</u>, 934 F. Supp. 2d 584, 590 (S.D.N.Y. 2013); McClatchey v. Associated Press, No. 3:05-cv-145, 2007 WL 1630261, at *4 (W.D. Pa. June 4, 2007); <u>Bouchat v. Champion Prods., Inc.</u>, 327 F. Supp. 2d 537, 553 (D. Md. 2003), aff'd on other grounds sub nom<u>. Bouchat v. Bon-Ton Dep't Stores, Inc.</u>, 506 F.3d 315 (4th Cir. 2007).

of Jesus Christ of Latter-Day Saints, 118 F.3d 199, 202 (4th Cir. 1997) *("[U]nder the prevailing view, a party cannot reach back, based on acts of infringement that accrued within the limitations period, and recover for claims that accrued outside the limitations period.")*; Merchant v. Levy, 92 F.3d 51, 57 n.8 (2d Cir. 1996) *("Recovery is barred for any infringing acts occurring more than three years prior to suit.")*; Roley v. New World Pictures, Ltd., 19 F.3d 479, 481 (9th Cir. 1994) (*no "reach back" for infringements occurring outside the statutory period*); Makedwde Pub. Co. v. Johnson, 37 F.3d 180, 182 (5th Cir. 1994) (*defendant liable only for acts of infringement committed within three years prior to plaintiff's lawsuit*.) Accordingly, Plaintiff is barred from asserting or recovering for any alleged infringement that occurred more than three years prior to this suit being instituted.

Further, with respect to Plaintiff's copyright claims, Plaintiff reasonably should have discovered the factual basis for his claims years ago.[6] The alleged acts complained of in the Complaint occurred in a niche community referred to by Plaintiff in the Complaint as "the fantasy art world." See Complaint at Para. 20. Plaintiff makes clear at Para. 20 of the Complaint, that he is deeply involved in both "fantasy art world" social media and fantasy art conventions and gatherings which are the exact places Plaintiff alleges the infringement occurred. See Complaint at Para. 24. Even more telling, Defendant is basing its tenuous claims to personal jurisdiction and venue in this Court over Defendants based on the extensive infringement that it alleges occurred in the Middle District of Pennsylvania, the precise location where Plaintiff resides and operates his business in this niche "fantasy art" world. See Complaint at Paras. 7 and 43-47. Given Plaintiff's claim to such extensive involvement in this small community and his

---

[6] The "Discovery Rule" does not apply in Pennsylvania to breach of contract claims. See Carulli v. North Versailles Township Sanitary Authority, 216 A.3d 564, No. 751 C.D. 2017 (Pa. Commw. Ct. August 13, 2019) (*concluding that the discovery rule should not be extended to breach of contract actions*).

12

claim that the alleged infringement literally occurred in his backyard, Plaintiff clearly should have discovered the alleged acts he is now complaining of years ago.[7]

### D. Plaintiff lacks standing under the law to claim copyright infringement because Defendants were granted an exclusive license with respect to the copyright at issue.

An exclusive license is considered a transfer of copyright ownership. See 17 U.S. Code § 101 (*defining "Transfer of Copyright Ownership" as "an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect, but not including a nonexclusive license"*).

Copyright "[i]nfringement is the violation of an owner's copyright interest by a non-owner.... It is elementary that the lawful owner of a copyright is incapable of infringing a copyright interest that is owned by him." United States Naval Institute v. Charter Communications, Inc. 936 F2d 692, 694 (2d Cir 1991) *quoting* Cortner v. Israel, 732 F.2d 267, 271 (2d Cir.1984). Hence, an exclusive licensee of any of the rights comprised in the copyright, though it is capable of breaching the contractual obligations imposed on it by the license, cannot be liable for infringing the copyright rights conveyed to it. United States Naval Institute v. Charter Communications, Inc. 936 F2d 692, 694 (2d Cir 1991). See also 17 U.S.C. § 204(a) *(it is only the "owner of an exclusive right under the copyright" that is entitled to sue for infringement of "that particular right"*).

In this case the Defendants were granted an <u>exclusive</u> license by Plaintiff to use the Work. See e.g. Exhibit A at page 7/13 attached hereto (email from Beard to Helman dated July 20, 2020 at 1:55 PM). (*Plaintiff confirming to Mr. Helman: "I offered to grant you exclusivity on*

---

[7] Plaintiff apparently had no trouble finding "evidence" of infringement to attach to the Complaint including advertisements dating back to 2015. See Complaint at Para. 42.

*the use of the design and my art on your boot button"*).[8] Consistent with this exclusivity, it is noted that Plaintiff never himself used the Work or licensed it to anyone else. As an exclusive licensee, therefore, it is a legal impossibility for Defendants to have infringed the copyright in the Work.

With regard to the exclusive license granted to Defendants, it is noted that the Copyright Act provides that "a transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or <u>a note or memorandum</u> of the transfer is in writing and signed by the owner of the rights conveyed." 17 U.S.C. § 204(a). However, Section 204(a) can be satisfied by an oral assignment that is later confirmed in writing. <u>See</u> <u>Johnson v. Storix, Inc.</u>, No. 16-55439, 716 Fed. App'x. 628 (9th Cir. 2017) <u>citing</u> <u>Jules Jordan Video, Inc. v. 144942 Canada Inc.</u>, 617 F.3d 1146, 1156 (9th Cir. 2010); <u>See also</u> <u>Valente-Kritzer Video v. Pinckney</u>, 881 F.2d 772, 775 (9th Cir. 1989) ("*If an oral transfer of a copyright license is later confirmed in writing, the transfer is valid*). Plaintiff's email to Defendant Helman stating that the license he granted is exclusive is exactly the type of "note or memorandum" that satisfies the 17 U.S.C Sec. 204(a) writing requirement.

Accordingly, having granted an exclusive license to Defendants to the Work, Plaintiff lacks standing with respect to its copyright infringement claims. Further, Defendant has alleged absolutely no facts to support copyright infringement by any Defendant at any time an exclusive license was allegedly not in place and certainly has not satisfied the strict pleading requirements under <u>Twombly</u> and <u>Iqbal</u>.[9]

---

[8] Consistent with the exclusive license granted to Defendants, Plaintiff has never used the Work himself or otherwise licensed it to a third party.

[9] To the contrary, Defendant's completely ceased all manufacture, sale of products or new advertising involving the Work on July 22, 2020.

**E. Plaintiff's state law claims against all Defendants should be dismissed in the absence of the copyright claim.**

If this Honorable Court dismisses Plaintiff's Copyright Act claim, then it should dismiss Plaintiff's breach of contract state law claim based on a lack of subject matter jurisdiction. "A district court can decline to exercise supplemental jurisdiction in several circumstances, including a situation where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). <u>Trinity Industries, Inc. v. Chicago Bridge & Iron Company</u>, No. 12-2059 (3rd. Cir. August 20, 2013). Plaintiff has recourse in another, more appropriate forum: the small claims court in which this breach of contract matter was originally filed.

**IV. CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that this Court dismiss Plaintiff's Complaint, with prejudice, for failure to state a claim upon which relief can be granted.

Respectfully submitted,

Dated: June 12, 2021

<u>/s/ Michael C. Petock</u>
MICHAEL C. PETOCK, ESQUIRE
Attorney ID No. 93,692
PETOCK & PETOCK, LLC
46 The Commons at Valley Forge
1220 Valley Forge Road
P.O. Box 217
Valley Forge, PA 19481
Telephone No. (610) 935-8600
mp@petocklaw.com
Counsel for Defendants