IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD P. BEARD, JR., | No. 4:21-CV-00680 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| ARIK HELMAN, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

NOVEMBER 12, 2025

The fiery dispute in this case comes on the wings of a disagreement about dragon-themed boot buttons. In April 2021, Plaintiff, Edward Beard Jr. ("Beard"), filed a complaint against Defendants Arik Helman ("Helman")[1]; Son of Sandlar, LLC; Son of Sandlar, Inc., Sandlar Manufacturing, LLC; and Twisted World, LLC ("Defendants") for direct copyright infringement, contributory copyright infringement, vicarious infringement, and breach of contract.[2] In 2022, the Court granted a motion for summary judgment solely with respect to Beard's request for statutory damages and attorneys' fees under the Copyright Act.[3] Defendants filed a counterclaim against Beard in April 2022, seeking a declaratory judgment and suing

---

[1]  Mr. Helman is a defendant both individually and d/b/a Son of Sandlar.
[2]  Doc. 1 (Compl.).
[3]  Doc. 17 (First Summ. J. Order).

for breach of contract.[4] In March 2024, the Court denied Defendant's second motion for summary judgment on the issue of settlement, but summary judgment was granted in part with respect to any copyright infringement claims for use of the dragon design in the boot buttons.[5]

Currently pending before the Court, Beard and Defendants filed a combined two motions to exclude testimony and opinions of three experts.[6] These motions are now ripe for disposition and challenge the admissibility of Plaintiff's expert Dr. Wesley Austin, as well as Defendants' experts Cari Freno and Julie Newman. A hearing on this motion was then conducted on October 29, 2025. For the following reasons, Defendants' motion to exclude the testimony of Dr. Austin is granted, while Beard's motion to exclude testimony is granted in part (in regard to Cari Freno) and denied in part (in regard to Julie Newman).

## I.   BACKGROUND

### A.   Federal Rule of Evidence 702

Under Federal Rule of Evidence 702 "a trial judge acts as a gatekeeper to ensure that any and all expert testimony or evidence is not only relevant, but also

---

[4] Doc. 18 (Answer).
[5] Doc. 51 (Second Summ. J. Order)
[6] *See* Doc. 66 (Defs.' Mot. to Exclude Ops. and Test. of Dr. Wesley Austin); Doc. 68 (Pl.'s Mot. to Exclude Expert Test. of Cari Freno and Julie Newman). Defendants did file a motion to exclude the testimony of proposed expert Joseph Tate. *See* Doc. 69. However, that motion was mooted by joint stipulation. *See* Doc. 83.